**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| RICHARD MYSLIWIEC, | CIVIL ACTION |
| Plaintiff, | |
| v. | COMPLAINT 1:18-cv-06362 |
| FRANKLIN COLLECTION SERVICE, INC., | JURY TRIAL DEMANDED |
| Defendant. | |

**COMPLAINT**

NOW COMES Plaintiff, RICHARD MYSLIWIEC, by and through his attorneys, SULAIMAN LAW GROUP, LTD., complaining of Defendant, FRANKLIN COLLECTION SERVICE, INC., as follows:

**NATURE OF THE ACTION**

1. This is an action brought by a consumer seeking redress for violation(s) of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA") and the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq.* ("TCPA")

**JURISDICTION AND VENUE**

2. Subject matter jurisdiction exists over the FDCPA claim(s) under 15 U.S.C. § 1692k(d) and 28 U.S.C. §§ 1331 and 1337.

3. Subject matter jurisdiction exists over the TCPA claim(s) under 28 U.S.C. §§ 1331 and 1337.

4. Venue is proper under 28 U.S.C. § 1391(b) as a substantial part of the events giving rise to the claims took place in the Northern District of Illinois.

## PARTIES

5. RICHARD MYSLIWIEC ("Mysliwiec") is a natural person, over 18-years-of-age, who at all times relevant resided at the property commonly known as 46 Big Chief Drive, Bourbonnais, Illinois 60914.

6. Mysliwiec is a "consumer" as defined by 15 U.S.C. § 1692a(3).

7. FRANKLIN COLLECTION SERVICE, INC. ("FCS"), is a foreign corporation with its principal place of business in Tupelo, Mississippi.

8. FCS is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

9. FCS is a "debt collector" as defined by 15 U.S.C. § 1692a(6) as it uses instrumentalities of interstate commerce and the mail in its business.

10. FCS is a "debt collector" as defined by 15 U.S.C. § 1692a(6) as the principal purpose of FCS's business is the collection of debt.

11. FCS is a "debt collector" as defined by 15 U.S.C. § 1692a(6) as it regularly collects or attempts to collect debts owed or due or asserted to be owed or due another.

## FACTUAL ALLEGATIONS

12. At all times relevant, Mysliwiec was the sole operator, possessor, and subscriber of the number ending in 1316.

13. At all times relevant, Mysliwiec's number ending in 1316 was assigned to a cellular telephone service as specified in 47 U.S.C. § 227(b)(1)(A)(iii).

14. At all times relevant, Mysliwiec was financially responsible for his cellular telephone equipment and services.

15. Mysliwiec opened up an account to obtain telecommunications services through AT&T.

16. Mysliwiec fell behind on payments on this AT&T account.

17. On information and belief, this amount owed AT&T is a "debt" as defined by 15 U.S.C. § 1692(a)(5).

18. On or before August 30, 2018, AT&T placed Mysliwiec's past due account with FCS for collection.

19. On August 30, 2018, FCS phoned Mysliwiec in an attempt to collect on behalf of AT&T. Mysliwiec answered.

20. Mysliwiec was received by a pause, click, and dead air prior to being connected to a live person. Mysliwiec demanded that FCS stop calling.

21. Notwithstanding Mysliwiec's demand, FCS has called Mysliwiec on no less than 10 occasions in an attempt to collect on behalf of AT&T.

22. Mysliwiec expected to receive from FCS some sort of written communication. Nothing was received.

23. On information and belief, FCS is attempting to collect a debt used for "personal purpose" as defined by 15 U.S.C. § 1692a(5).

## DAMAGES

24. FCS's collection calls have severely disrupted Mysliwiec's everyday life and overall well-being.

25. FCS' collection calls have resulted in intrusion and occupation of Mysliwiec's cellular services, thus impeding receipt of other calls.

26. FCS' collection calls have resulted in unnecessary depletion of Mysliwiec's cellular battery requiring him to incur electricity charges to recharge his cellular telephone.

27. FCS' phone harassment campaign and illegal collection activities have caused Mysliwiec actual harm, including but not limited to, invasion of privacy, nuisance, loss of subscribed minutes,

intrusion upon and occupation of Mysliwiec's cellular telephone capacity, wasting Mysliwiec's time, the increased risk of personal injury resulting from the distraction caused by the phone calls, decreased work productivity, aggravation that accompanies unsolicited telephone calls, emotional distress, mental anguish, anxiety, loss of concentration, diminished value and utility of telephone equipment and telephone subscription services, the loss of battery charge, and the per-kilowatt electricity costs required to recharge his cellular telephone as a result of increased usage of his telephone services.

## CLAIMS FOR RELIEF

### COUNT I:
### Fair Debt Collection Practices Act

28. All paragraphs of this Complaint are expressly adopted and incorporated herein as though fully set forth herein.

**Violation(s) of 15 U.S.C. §§ 1692d, and d(5)**

29. Section 1692d prohibits a debt collector from engaging in conduct the natural consequence of which is to harass, oppress, or abuse in connection with the collection of a debt.

30. Section 1692d(5) prohibits a debt collector from causing a telephone to ring continuously with the intent to annoy, abuse, or harass.

31. FCS violated 15 U.S.C. §§1692d, and d(5) by making no less than 10 collection calls to Mysliwiec notwithstanding Mysliwiec's demand that they stop.

32. FCS's behavior of repeatedly placing or causing to be placed collection calls to Mysliwiec was abusive, harassing, and oppressive.

**Violation of 15 U.S.C. § 1692g(a)**

33. Within five days of a debt collector's initial communication with a debtor (referred to in the FDCPA as a "consumer"), the debt collector must send the consumer a written "validation notice" setting forth, among other things, the consumer's right to dispute the debt. *See* 15 U.S.C. § 1692g(a).

34. FCS violated 15 U.S.C. § 1692g(a) by failing to send Mysliwiec a written notice containing

    a. The amount of the debt;

    b. The name of the creditor to whom the debt is owed;

    c. A statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;

    d. A statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and

    e. A statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

    within five days after the initial communication with Mysliwiec in connection with the collection of the amount owed AT&T.

35. Mysliwiec may enforce the provisions of 15 U.S.C. §§1692d, d(5), and g pursuant to section k of the Fair Debt Collection Practices Act (15 U.S.C. § 1692k) which provides "any debt collector who fails to comply with any provision of [the Fair Debt Collection Practices Act] with respect to any person is liable to such person in an amount equal to the sum of -

    (1) any actual damage sustained by such person as a result of such failure;

(2)

    (A)   in the case of any action by an individual, such additional damages as the court may allow, but not exceeding $1,000.00; or

(3)   in the case of any successful action to enforce the foregoing liability, the costs of the action, together with reasonable attorney's fees as determined by the court.

WHEREFORE, Mysliwiec requests the following relief:

a.   find that FCS violated 15 U.S.C. §§ 1692d, d(5), and g(a);

b.   award actual, and statutory damages, and costs of this action including expenses together with attorneys' fees as determined by this Court; and

c.   grant any other relief deemed appropriate and equitable.

## COUNT II:
## Telephone Consumer Protection Act (47 U.S.C. § 227 *et seq*.)

36.   All paragraphs of this Complaint are expressly adopted and incorporated herein as though fully set forth herein.

37.   FCS placed or caused to be placed no less than 10 non-emergency calls, including but not limited to the aforementioned collection calls, to Mysliwiec's cellular telephone utilizing an automatic telephone dialing system ("ATDS") without Mysliwiec's consent in violation of 47 U.S.C. §227 (b)(1)(A)(iii).

38.   In a 2003 declaratory ruling the Federal Communications Commission ("FCC") concluded that equipment which has the capacity to "store or produce numbers and dial those numbers at random, in sequential order, from a database of numbers" qualifies as an ATDS under the statute. 18 F.C.C.R. 14014, 14091-93 (2003).

39. Upon information and belief, based on the lack of prompt human response, Defendant employed an ATDS to place calls to Mysliwiec's cellular telephone.

40. Upon information and belief, the ATDS employed by FCS transfers the call to a live representative once a human voice is detected, hence the clear pause.

41. Upon information and belief, FCS acted through its agents, employees, and/or representatives at all times relevant.

42. As a result of FCS's violations of 47 U.S.C. §227 (b)(1)(A)(iii). Mysliwiec is entitled to receive $500.00 in damages for each violation.

43. As a result of FCS's *knowing and willful violations* of 47 U.S.C. §227 (b)(1)(A)(iii), Mysliwiec is entitled to receive up to $1,500.00 in treble damages for each violation.

WHEREFORE, Mysliwiec requests the following relief:

a. find that FCS violated 47 U.S.C. § 227 *et seq.*;

b. enjoin FCS from placing any further calls to Mysliwiec's cellular telephone number ending in 1316 in the future;

c. award statutory damages of at least $500.00, and treble damages of up to $1,500.00, for each and every violation; and

d. grant any other relief deemed appropriate and equitable.

**Plaintiff demands trial by jury.**

September 18, 2018                                          Respectfully submitted,

*/s/ Joseph Scott Davidson*

Joseph Scott Davidson
Mohammed Omar Badwan
**SULAIMAN LAW GROUP, LTD.**
2500 South Highland Avenue

Suite 200
Lombard, Illinois 60148
+1 630-575-8181
jdavidson@sulaimanlaw.com
mbadwan@sulaimanlaw.com

*Counsel for Richard Mysliwiec*